Per Curiam.

The plaintiff, on the trial of this cause, gave in evidence a promissory note of his own to the defendant. Elias Noah proves that this note was borrowed of the plaintiff by the defendant, on giving a receipt, promising to be accountable to him for it. The defence set up is, that the note was a fee to the defendant foi taking the plaintiff’s son as an apprentice. A motion has been made to set aside the verdict, as against evidence, and obtain a *51 new trial. This, the court are of opinion, ought to be granted.
The receipt given by the defendant, which was never taken up or called for, and the testimony of Noah, both agree in proving the money to have been advanced upon Joan; this testimony remains in full force, notwithstanding any thing that was proven on the part of the defendant. "What is related of the son, that he was to be some time on trial, is in confirmation of the agreement stated by the plaintiff's witness. The only circumstance of any weight on the part of the defendant, is the further confession of the son that he was to pay three hundred and seventy-five dollars, and that he had been some time on trial, and was then a regular student. But this confession by the son, without the knowledge or authority of the plaintiff, ought not to conclude him. The fact, too, that the son.soon after left the defendant, and went to Europe, proves that the reservation in the original agreement had not been waived. In short, the evidence does not warrant a verdict for the defendant; and a new trial must be awarded on payment .of costs.
Lewis, Ch. J.
If the plaintiff is satisfied that a proportion should be paid, might not a new trial be saved ?
*Troup. There is a verdict for the defendant.
Kent, J.
Is there no objection- to allow for five months, at the rate of the sum usually paid for three years ?
Troup. None, if we can get rid of the verdict.
The parties not agreeing,
Rule for new trial granted.(a)

 On the new trial a second verdict was rendered in favor of the defendant.