Johnson, J.
The presiding Judge reports, that t.he argument of counsel in the Circuit Court closed at about eleven o’clock at night; and being satisfied, from his own examination, that the jury would be able to judge of the fact of alteration, by inspection of the note in day light, better than by candle light, he adjourned the cause until the next day : at which time it was resumed, and the jury, after having heard his observations, retired, and found the prisoner guilty.
The only evidence ofFered of. the fact, that the bill had been so altered, was that of persons who were familiar with the bills of the same bank ; although, one of its officers had been at the court-house during the term, and was suffered to depart before the trial.
Upon the facts of the case, which are very voluminous, the presiding Judge expresses a decided opinion, that, whatever suspicions they may have created, they did not warrant the conclusion, that the prisoner knew that the bill had been altered from the lower to the higher sum, when he published it. And on that account he recommends that a new trial should be granted.
A motion is now made for a new trial, the grounds of which, although much diversified in the brief, are summed up in the following.
1st. That the Court erred in adjourning the cause during the night, and suffering the jury to disperse.
2nd. That other evidence of the fact of alteration was inadmissible, when that of an officer of the bank might with proper diligence have been obtained.
3rd. That the verdict was contrary to the evidence and the opinion of the Court.
The great influence which public opinion has over individuals, and the practices to which jurors, who are charged with the trial of a cause, are exposed, furnish the most cogent reasons for preventing their dispersion, and intermixing with the parties, or their friends, when it is practicable to prevent it. But the trials of cases are sometimes so protracted as to render this impossible. It is not unusual that several days are occupied in the same cause; and in a few instances, I have known them to occupy a whole week. Human nature is not capable of sustaining itself, through so long a period, without refreshment, *567 and repose ; and from necessity, an interval, for that purpose, must be allowed. The existence of that state of things, which would warrant an adjournment, cannot be better known, or more safely confided, to any one, than to the presiding Judge ; and it must depend upon his discretion. The adjournment of protracted trials has always been practised in this, and, I believe, in every other country; and I do not see how the practice can be dispensed with. That the discretion of the Judge was properly exercised in this case, the circumstances abundantly show.
Hooper’s case, (ante, p. 37,) we regard as decisive of the second ground of this motion. But the distinction, attempted to be drawn by one of the defendant’s counsel, between this and that case, deserves to be noticed. That, was a prosecution for forging the entire corpus of a bank note ; and this, for altering the sum expressed in a true bill, so as to give it an apparently greater value: and it is said, that although persons, other than the officers of the bank, may be competent to testify as to the forgery of the devices, and hand-writing of the officers ; yet no one else can know, that the alteration in the sum was not made by the authority of the bank, but the officers themselves, and therefore they alone are competent to prove it.
This argument admits that an alteration has been made in the bill, and I apprehend it will not be questioned that proof by a witness, not an officer of the bank, that he saw the alteration made by the prisoner, would have been admissible; and surely for the same reason any other evidence which led to the same conclusion is admissible. As in Hooper’s case, the evidence of other persons is of the same class with that of the officers of the bank, and is equally admissible. Its influence on the determination of the guilt, or innocence of the prisoner, will necessarily be in proportion to the certainty which it furnishes ; and, for that reason, the most satisfactory ought, in prudence, to be obtained, when it is practicable.
Applications for new trials are addressed, in a great degree, to the discretion of the Court, and particularly so when the ground of application is the erroneous finding of the jury as to matters of fact. In the exercise of this discretion in such cases, we are accustomed to look with confidence to the aid of the Judge, who presided at the trial. His habit® and greater *568 experience qualify him to weigh complicated and contradictory ev[¿eDCfi^ jn a greater degree, than can be expected from a jury collected promiscuously from the body of the citizens; and where he differs from them, there must be at least doubt about the truth of the facts. It has therefore grown into something like a rule, to grant a new trial, as of course, when the Judge certifies his disapprobation of the finding of the jury : so much so, that it is said in some of the cases, that it must be a very strong case, in which the Court will grant a new trial when the Judge and the jury concur ; and e converso where they will refuse it, if the Judge certifies against the finding. 3 Bl. Com. 387. Rands v. Fripp, 2 Mod. 199. Hart v. Hosack, 1 Caines, 25. Hoyt v. Gilman, 8 Mass. 336. And such has been the practice of our own Courts time out of mind.
Herndon, and Baüskett, for the motion.
Thompson, Solicitor, contra.
If the rule hold good in civil cases, how much more strongly will it apply when the life of an individual is concerned, and when, according to the well established rule, if there is a rational doubt of his guilt, he ought to be acquitted. What is the case here? The Judge states that whatever suspicions, the circumstances, tending to shew the prisoner’s knowledge of the alteration in the bill, might create, yet they are not such as, in his estimation, ought to support the verdict; and upon looking through the evidence, we concur in that view. The probability then is, that the jury did not sufficiently .weigh this evidence ; or, what is still more propable, that they did not sufficiently appreciate the necessity of plenary proof as' to that fact. On this ground, therefore, a new trial must be granted, and it is accordingly so ordered.
O’Neall, J. concurred.
Motion granted.